UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

Case No. _____

| | |
|---|---|
| Bradley Padden and Adina Eaton, as beneficiaries of the Harvey Padden Trust,<br>              Plaintiffs,<br>v.<br>Garland West, in his capacity as Trustee of the Harvey Padden Trust,<br>              Defendant,<br><br>and, Sophia Y, Tai, as beneficiary of the Harvey Padden Trust, and Jennifer Doe, Christopher Wen, Jeffery Wen, and Ellen Weiss, as remainder beneficiaries of the Harvey Padden Trust,<br>              Respondents. | **ORIGINAL COMPLAINT** |

Bradley Padden and Adina Eaton, beneficiaries of the Harvey Padden Trust ("Plaintiffs"), file this Original Complaint for declaratory relief as follows.

## I. SUMMARY

1. The Harvey Padden Trust ("Trust") terminated on Harvey Padden's death on March 10, 2024. All Trust assets are due to be distributed outright to Plaintiffs and others. But the trustee, Garland West ("Defendant"), has refused to distribute the assets, apparently out of fear of personal liability. Plaintiffs seek declaratory relief to clarify whether certain real property adeemed from the Trust and whether real property not named in the Trust may be substituted for a specific devise.

## II. JURISDICTION, VENUE AND APPLICABLE LAW

2. *Subject-matter jurisdiction*. This Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant:

    a. Plaintiff Bradley Padden is a citizen of the state of Washington.

b. Plaintiff Adina Eaton is a citizen of the state of New Jersey.

c. Trust beneficiary Sophia Y. Tai is a citizen of the state of Texas.

d. Trust beneficiary Jennifer Doe is a citizen of the state of Texas.

e. Trust beneficiary Christopher Wen is a citizen of the state of Arizona.

f. Trust beneficiary Jeffrey Wen is a citizen of the state of Texas.

g. Trust beneficiary Ellen Weiss is a citizen of the state of Florida.

h. Defendant Garland West, individually and in his capacity as trustee, is a citizen of Morganton, Burke County, North Carolina.

*See* 28 U.S.C. § 1332(a); N.C. GEN. STAT. § 36C-2-202(a) (2024) ("by moving the principal place of administration to this State, the trustee submits personally to the jurisdiction of the courts of this State regarding any matter involving the trust.").

3. *Venue*. Venue for this action is proper in this judicial district because the trustee is domiciled in Burke County, North Carolina, and administers and maintains the Trust's records in Burke County, North Carolina.

4. *Applicable law*. The Trust specifies that Florida substantive law controls interpretation of the Trust. *See* Ex. 1 (Aug. 15, 2015 Harvey Padden Revocable Trust) at ¶ III(G).

### III. PARTIES

5. Plaintiff Bradley Padden is a citizen of the state of Washington and an interested person as a beneficiary of the Trust. *See* FL. STAT. § 736.0201(2).

6. Plaintiff Adina Eaton is a citizen of the state of New Jersey and an interested person as a beneficiary of the Trust. *See id*.

7. Defendant Garland West, individually and in his capacity as trustee, is a citizen of Morganton, Burke County, North Carolina.

8. The question or dispute involves the internal affairs of the Trust. *Cf.* N.C. GEN. STAT. § 36C-3-303 (4) (2024) ("A trustee may represent and bind the beneficiaries of the trust unless the question or dispute involves the internal affairs of the trust.").

9. The following individuals have interests in the Trust that may be affected by the outcome of this action, so they are named as Respondents:

   a. Sophia Y. Tai, as a beneficiary of the Trust;

   b. Jennifer Does, as a remainder beneficiary of the Trust;

   c. Christopher Wen, as a remainder beneficiary of the Trust;

   d. Jeffery Wen, as a remainder beneficiary of the Trust; and,

   e. Ellen Weiss, as a remainder beneficiary of the Trust.

10. Sophia Y. Tai, Jennifer Doe, Christopher Wen, Jeffrey Wen, and Ellen Weiss are collectively referred to as "Respondents" herein.

## IV. FACTUAL ALLEGATIONS

**A.  The Trust**

11. Harvey Padden settled the Trust on August 15, 2015. **Exhibit 1** at 1.

12. Plaintiffs are the children of Harvey Padden. *Id*. at ¶ I(C).

13. The Trust was revocable by Harvey Padden during his lifetime, *id*. at ¶ I(A), then became irrevocable upon his death. *See id*. The Trust also provided that Harvey himself would serve as trustee of the Trust while still alive. *Id*. at ¶ IV(C).

14. Harvey Padden died on March 10, 2024.

15. Following Harvey's death, Defendant, as successor trustee, was supposed to make various outright gifts of the entirety of the Trust's assets, terminating the Trust. *See id*. at ¶¶ II(A)-(C).[1]

---

[1] While the Trust directs that the share of a beneficiary under 21 years of age be held in continuing trust, all beneficiaries were over 21 when Harvey died.

16. Among these distributions was the following specific bequest:

> (1) <u>SOPHIE.</u> If SOPHIE survives me and was living together with me at the time of my death, the Trustee shall distribute my principal residence located at 333 Las Olas Way, #2004, Ft. Lauderdale, FL 33301, together with the sum of $3,000,000.00 outright. If SOPHIE fails to survive me or we were no longer partners/living together at the time of my death, this gift shall lapse.

*Id*. at ¶ II(B).

17. Following the above specific bequest and others, the residue of all Trust assets was supposed to be distributed in various percentage shares to Plaintiffs and Respondents, totaling 100% of Trust assets. *See id*. at ¶¶ II(A)-(C).

18. In or about May 2019, while Harvey Padden was still alive and serving as trustee of the Trust, he withdrew his Florida residence at 333 Las Olas Way in Fort Lauderdale as an asset of the Trust and sold it, revoking the gift of that specific property in ¶ II(A) of the Trust. From then until June 2022, Harvey lived in another Florida residence.

19. Harvey moved to Houston, Texas, in or about June 2022 and remained there until his death on March 10, 2024.

**B.  Defendant's administration of the Trust after Harvey's death.**

20. After Harvey's death, Defendant succeeded Harvey as trustee of the Trust. *Id*. at ¶ IV(C)(1).

21. Pursuant to Trust ¶ II(A), Defendant distributed $3,000,000 to Respondent Sophia Tai (identified as Harvey Padden's "fiancée").

22. On November 20, 2024, eight months after Harvey's death, Sophia sued Defendant in Harris County, Texas ("Sophia's Lawsuit"), claiming she was entitled to proceeds from the sale of Harvey's Houston residence ("the Houston Proceeds").

23. Sophia claimed she was entitled to the Houston Proceeds as a "substitute" for the lapsed

4

gift of Harvey's Fort Lauderdale home—a gift that Harvey had revoked by selling the Fort Lauderdale home five years prior.

24. In January 2025, Defendant filed a special appearance and answer in Sophia's Lawsuit.

25. Defendant asserted in his special appearance that Texas courts lacked personal jurisdiction over him as trustee because "The Trustee and his records related to the Trust are located [in] North Carolina." *See* Ex. 2 (Defendant's Special Appearance).

26. In his answer, Defendant denied Sophia's claim to the Houston Proceeds because the gifted residence—333 Las Olas Way #2004 in Fort Lauderdale—no longer existed as a Trust asset upon Harvey's death.

27. Since Harvey Padden's death, Defendant has distributed the $3,000,000.00 specific bequest to Sophia but has not fully distributed the remaining Trust assets to the residuary beneficiaries.

28. Considerable assets remain in the Trust's residue.

29. Defendant has said that he wants all Trust beneficiaries to release and discharge all potential claims against him before he distributes Plaintiffs' share of Trust assets to them.

30. Since Defendant filed his special appearance and answer in Sophia's Lawsuit, neither he nor Sophia has filed anything else or set any hearings in that lawsuit.

31. Plaintiffs have waited nearly a year for Sophia to prosecute her claims. They now file this Complaint to (i) ensure jurisdiction over the Defendant for a binding judgment and (ii) resolve the legal controversy over ademption of real property.

## **CAUSES OF ACTION**

32. Plaintiffs incorporate each of the preceding factual allegations into the paragraphs below.

## A. DECLARATORY RELIEF

33. A live controversy exists between the parties because the Plaintiffs and Respondents are owed final distributions of the residue of the Trust. Defendant has refused to make those distributions because he desires releases first.

34. If Defendant's assertion in his special appearance in Texas is correct—namely, that Defendant is not subject to personal jurisdiction in Texas—then Sophia's Lawsuit cannot result in a judgment binding Defendant or the Trust.

35. Despite Plaintiffs' written demands, Defendant has refused to have his special appearance heard or bring suit in any jurisdiction to resolve the questions of Trust administration. Defendant's inaction leaves the Trust beneficiaries in limbo, waiting for Defendant to discharge his duty to distribute assets.

36. North Carolina provides Plaintiffs statutory subject-matter jurisdiction for declaratory relief with regard to trusts:

> § 1-255. Who may apply for a declaration.
>
> *Any person interested as or through an* executor, administrator, *trustee*, guardian or other fiduciary, creditor, devisee, heir, next of kin, or cestui que trust, *in the administration of a trust*, or of the estate of a decedent, a minor, an incompetent person, or an insolvent person, *may have a declaration of rights* or legal relations in respect thereto:
>
> (1) To ascertain any class of creditors, devisees, heirs, next of kin or others; or
>
> (2) *To direct the* executors, administrators, or *trustees* to do or abstain from doing any particular act in their fiduciary capacity; or
>
> (3) *To determine any question arising in the administration of the estate or trust, including questions of construction* of wills and other writings.
>
> (4) To determine the apportionment of the federal estate tax, interest and penalties under the provisions of Article 27 of Chapter 28A.
>
> N.G.C.S. § 1-255 (emphasis added).[2]

---

[2] Florida law provides for similar declaratory relief. *See* FLA. STAT. § 86.041.

37. A question exists whether Defendant has a valid reason for delaying distribution of the Trust residue.

38. As beneficiaries interested in the administration of the Trust, Plaintiffs seek a judgment declaring the following:

    a. The specific gift of "333 Las Olas Way #2004, Fort Lauderdale, Florida 33301" to Sophia Tai in Trust ¶ II(B)(1) failed, lapsed, or was withdrawn or revoked because Harvey sold that property before his death; and

    b. The Trust does not provide for substitution of another asset, residence, or any additional compensation to Sophia Tai in place of "333 Las Olas Way #2004, Fort Lauderdale, Florida 33301" if that specific property is no longer a Trust asset upon settlor's death.

39. Plaintiffs seek any further findings or judgments necessary to effect the distribution of their shares of the Trust.

40. Plaintiffs seek their reasonable and necessary attorneys' fees and costs. FL. STAT. § 86.081.

## **PRAYER**

Plaintiffs respectfully request a judgment declaring that:

a. The specific gift of "333 Las Olas Way #2004, Fort Lauderdale, Florida 33301" to Sophia Tai in Trust ¶ II(B)(1) failed, lapsed, or was withdrawn or revoked when Harvey sold that property before his death; and

b. The Trust does not provide for substitution of another asset, residence, or any additional compensation to Sophia Tai in place of "333 Las Olas Way #2004, Fort Lauderdale, Florida 33301".

Plaintiffs additionally seek their reasonable and necessary attorneys' fees, and any other and further relief to which they may be entitled.

Respectfully submitted this the 5th day of December, 2025.

By: /s/Edward B. Davis
Edward B. Davis
BELL, DAVIS & PITT, P.A.
N.C. State Bar No. 27546
227 West Trade Street, Suite 1800
Charlotte, North Carolina 28202
Main: 704.227.0400
Fax: 704.227.0178
Email: ward.davis@belldavispitt.com

Joseph R. Marrs (*pro hac vice* motion forthcoming)
State Bar No. 24037029
jmarrs@mehlaw.com
William Rhett Roberson (*pro hac vice* motion forthcoming)
State Bar No. 24143747
rroberson@mehlaw.com
MARRS ELLIS & HODGE LLP
9811 Katy Freeway, Suite 900
Houston, Texas 77024
713-609-9503 – Office
713-583-5825 – Fax

*Counsel for Plaintiffs Bradley Padden and Adina Eaton*